United States District Court
Southern District of Texas
**ENTERED**
May 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE LUIS HERNANDEZ CRUZ, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-03423 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, | § | |
| Respondent. | § | |

OPINION AND ORDER ON DISMISSAL

The petition for a federal writ of *habeas corpus* by Petitioner Jorge Luis Hernandez Cruz, filed on his behalf by his sister Jeydi De La Caridad Hernandez Cruz, is dismissed without prejudice. Dkt 1.

1. Background

Petitioner is currently being detained by immigration officials at the Joe Corley Detention Center in Conroe, Texas. Dkt 1 at 1. A petition seeking a writ of *habeas corpus* was filed on his behalf by his sister as "next friend." See id at 8. It admits to his illegal entry on a prior date but asserts that his detention is illegal as a violation of his rights under the Due Process Clause of the Fifth Amendment. Id at 6–7. Petitioner's name is printed on the signature line of the petition, but it isn't his actual signature as reflected on any official document included with the petition. Compare Dkt 1 at 8 (petition), with id at 10 (passport), 16 (notice to appear).

Included with the petition is the "next friend declaration" of Petitioner's sister. She attests that Petitioner has limited access to legal resources in detention and limited ability to prepare legal filings from there. She

also states that she has no interests adverse to Petitioner and is acting solely to protect his rights. The declaration contains no other allegations concerning why Petitioner could not and did not file his own petition. Dkt 1-1 at 2.

### 2. Legal standard

A petition for writ of *habeas corpus* may be "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" 28 USC §2242 (emphasis added). A person acting on behalf of another—a *next friend*—doesn't become a party to the action but instead simply pursues the action on behalf of the person detained, who remains the real party in interest. *Whitmore v Arkansas,* 495 US 149, 163 (1990).

Jurisdiction to entertain a petition filed by a next friend exists only if the next friend establishes standing. Standing to proceed as a next friend in *habeas* proceedings "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Ibid. The Fifth Circuit has long observed, "The 'next friend' expedient, which on occasion may be essential to the efficacy of the 'Great Writ,' may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber v Garza*, 570 F2d 511, 514 (5th Cir 1978, *per curiam*). Instead, a person seeking to proceed as the next friend of another must clearly "establish the propriety of [such] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 US at 164.

The person seeking status as a next friend must (i) provide an adequate explanation as to why the real party in interest can't pursue the action on his own behalf, (ii) establish dedication solely to the best interests of the real party in interest, and (iii) show a significant relationship with the real party in interest. See *Thorpe v Eavenson*, 2007 WL 4355441, at *2 (ND Tex), citing *Whitmore*, 495 US at 163–64.

The first criterion is essential. If the petition "filed by a would-be 'next friend' does not set forth an adequate

reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber*, 570 F2d at 514; see also *Whitmore*, 495 US at 163. In this respect, an *adequate explanation* requires a clear showing that the real party in interest "is unable to seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v Lynaugh*, 809 F2d 1136, 1137–38 (5th Cir 1987, *per curiam*), citing *Gilmore v Utah*, 429 US 1012, 1014 (1976).

### 3. Analysis

It is assumed that Petitioner's sister satisfies the second and third requirements to be a next friend. But no sufficient showing is presented as to the first requirement. The only explanation she gives for why Petitioner can't pursue this action on his own behalf is that he is detained. But the sole purpose of *any* petition for a writ of *habeas corpus* is to challenge the legality of an ongoing detention. See *Poree v Collins*, 866 F3d 235, 243 (5th Cir 2017), citing *Preiser v Rodriguez*, 411 US 475, 500 (1973), and *Wilkinson v Dotson*, 544 US 74, 78 (2005). If being detained was sufficient of itself to warrant filings by a next friend, the next-friend device could be used in all *habeas* cases. That is not the rule articulated by the Supreme Court in *Whitmore*. See 495 US at 163.

It also bears mention that, to this point, many hundreds of *habeas* petitions have been filed in this district by immigration detainees representing themselves, many of whom are detained in the same facility as Petitioner. Yet next-friend status is rarely sought. That it may be easier for Petitioner's sister to file the petition isn't sufficient to confer standing to pursue relief as a next friend. And to be clear, nothing is offered to show that Petitioner is mentally incompetent or otherwise unable to file pleadings on his own behalf when many others detained at the same facility have done so.

In short, Petitioner's sister hasn't alleged facts showing that he is unable to seek *habeas corpus* relief on his own behalf and is thus in need of a next friend to pursue his

claims for him. Absent such proof, jurisdiction to consider the petition she filed on his behalf is lacking.

This action must be dismissed for lack of jurisdiction.

    4.   Conclusion

The petition filed by Jeydi De La Caridad Hernandez Cruz on behalf of Petitioner Jorge Luis Hernandez Cruz is STRICKEN as unauthorized.

This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Dkt 1.

Any pending motions are DENIED AS MOOT.

A certificate of appealability is unnecessary and is thus DENIED.

An order of dismissal will enter separately.

SO ORDERED.

Signed on _____May 07, 2026_____ , at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge